**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NORAIDA I. SALLEY,**

          **Plaintiff,**

-vs-                                                    **Case No. 6:07-cv-1517-Orl-31KRS**

**PBS OF CENTRAL FLORIDA, INC., and**
**SANTIAGO MARTINEZ,**

          **Defendants.**

_____

# ORDER

This matter comes before the Court on Defendant PBS of Central Florida Inc's Motion to Dismiss or, in the alternative, Motion for Summary Judgment[1] (Doc. 16) and Plaintiff's Response thereto (Doc. 22).

**I. Background**

Defendant PBS of Central Florida, Inc. ("PBS") is an employee leasing company that entered into a contract with Defendant Dr. Santiago Martinez ("Martinez") to provide employee leasing and payroll services to Martinez' medical practice. Plaintiff Noraida Salley was an office administrator in Martinez' office. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, (the "FLSA") for unpaid overtime wages.

---

[1] Because Defendant's motion relies on materials outside the pleadings, it will be treated as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56.

**II. Standard of Review**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

**III. Legal Analysis**

PBS argues that it is entitled to summary judgment because it was not Plaintiff's "employer", as that term is defined under the FLSA.

> Under the FLSA, employment is defined with "striking breadth." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326, 112 S. Ct. 1344, 1350, 117 L. Ed. 2d 581 (1992) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728, 67 S. Ct. 1473, 1475, 91 L. Ed. 1772 (1947)). An entity is said to "employ" a person if it "suffers or permits" the person to work. 29 U.S.C. § 203(g). The "suffer or permit to work" standard derives from state child-labor laws and has been called "the broadest definition [of employee] that has ever been included in one act"" *Antenor v. D&S Farms*, 88 F.3d 925, 929 n.5 (11th Cir. 1996) (citing *Rutherford Food Corp.*, 331 U.S. at 728 n.7, 67 S. Ct. at 1476 n.7, and quoting *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3, 65 S. Ct. 295, 297 n.3, 89 L. Ed. 301 (1945)). Courts look not to the common law definition of employment, but rather to the "economic reality" of whether the putative employee is economically dependent upon the alleged employer. *See Rutherford Food Corp.*, 331 U.S. at 730, 67 S. Ct. at 1477; *Aimable v. Long & Scott Farms*, 20 F.3d 434 (11th Cir. 1994).

*Harrell v. Diamond A Entertainment*, 992 F. Supp. 1343, 1348 (M.D. Fla. 1997).

> Whether or not the parties in question intended to create an employment relationship is irrelevant to the economic realities test. *See Donovan v. New Floridian Hotel*, 676 F.2d 468, 471 (11th Cir. 1982). Moreover, the mere labeling of an individual as an employee or an independent contractor is not dispositive. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729, 91 L. Ed. 1772, 67 S. Ct. 1473 (1947). The courts determine whether the employee depends or depended on the putative employer for his economic livelihood based on the parties' actual working relationship. *See Antenor*, 88 F.3d at 937--38. The Eleventh Circuit has also stated that the FLSA specifically covers joint employment relationships. *See id.* at 929; 29 C.F.R. § 791.2 (defining "joint employment" under the FLSA).

*Jeanneret v. Aron's E. Coast Towing*, 2002 U.S. Dist. LEXIS 12200, *6-7, 148 Lab. Cas. (CCH) P34,681 (S.D. Fla. 2002).

It is undisputed that Martinez was Plaintiff's employer. Therefore, this Court must decide whether PBS was her joint employer under the FLSA. In this case, Plaintiff states that PBS was her employer because it (1) was listed as an employer on Plaintiff's pay stubs; (2) provided Plaintiff with training; (3) addressed Plaintiff's questions and problems regarding her employment and (4) provided Plaintiff with a handbook. On the other hand, Defendant argues that it exercised no real control over Plaintiff as an employee and, instead, only provided administrative services to Martinez.

> In determining whether a joint employment relationship exists, the courts consider several relevant factors: (1) the nature and degree of the putative employer's control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the right, directly or indirectly, to hire, fire, or modify the workers' employment conditions; (4) the power to determine the workers' pay rates or methods of payment; (5) the preparation of payroll and payment of workers' wages; (6) the ownership of the facilities where the work occurred; (7) whether the worker performed a line job integral to the end product; and (8) the relative investment in equipment and facilities. *See Antenor*, 88 F.3d at 932 (*citing Aimable*, 20 F.3d at 440--45); *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1326 (S.D. Fla. 2001) (98-7489-CIV-JORDAN).

*Jeanneret*, 2002 U.S. Dist. LEXIS 12200 at *7-8.

The relevant facts, which Plaintiff does not dispute, are as follows: (1) Plaintiff was interviewed and hired by Martinez; (2) Plaintiff was trained by PBS; (3) Plaintiff performed her work at Martinez' office, which was owned and operated by Martinez; (4) Martinez determined Plaintiff's work schedule and her rate of pay; (5) Martinez had the ability to terminate Plaintiff's employment; (6) if PBS severed its relationship with Martinez, Plaintiff would continue to be an employee of Martinez, but would have no relationship with PBS; (7) Plaintiff addressed her complaints and concerns regarding her wages to PBS; (8) Plaintiff received a handbook from PBS regarding her employment and benefits; (9) Martinez managed Plaintiff's day-to-day work activities; and (10) Martinez determined how much, if any, sick leave and/or vacation time Plaintiff received.

Taking into account these facts, this Court finds that the economic reality of Plaintiff's relationship with PBS is not one of employer/employee. PBS had virtually no control over Plaintiff's employment. Furthermore, Plaintiff was not economically dependent on PBS and was not an integral part of PBS' business. While not controlling, this Court finds Judge Huck's evaluation of a nearly identical situation, which also involved PBS, persuasive. *See Neto v. The*

*Car Salon, L.L.C.,* Case No. 03-61751-CIV-HUCK/TURNOFF (S.D. Fla. April 22, 2007). Furthermore, Judge Hurley's reasoning in *Jeanneret*, *supra*, which was affirmed without an opinion by the Eleventh Circuit, is instructive here. Both cases involved employee leasing companies and presented facts that are materially indistinguishable from the instant case.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 16) is **GRANTED**. Judgment shall be entered in favor of Defendant PBS of Central Florida, Inc.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 12, 2007.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE